UNITED STATES DISTRICT COURT
DISTIRCT OF PUERTO RICO

CLERK'S OFFICE USDC PR
RECEIVED AND FILED
2025 JUN 17 AM10:43

# IN RE: PETITION TO SEAL CASE FILE 3:90-CR-00366-RAM-1
## (Non-Violent Drug Offense, Dated Circa 1991)

---

## TABLE OF CONTENTS

1. Table of Authorities
2. Introduction
3. Jurisdictional Statement
4. Statement of the Case
5. Historical and Legal Context
6. Facts and Conclusions of Law
7. Statement of Claim
8. Conditional Finalization
9. Certification / Verification

## TABLE OF AUTHORITIES

- U.S. Constitution, Article III
- 9th and 10th Amendments
- Statutes at Large, Vol. 14, p. 27

**Case Citations Supporting Sealing of Aged, Nonviolent Records:**

1. *Doe v. United States*, 110 F. Supp. 3d 448 (E.D.N.Y. 2015)

1

2. *United States v. Flowers*, 389 F.3d 737 (7th Cir. 2004)
3. *United States v. Rowlands*, 451 F.3d 173 (3d Cir. 2006)
4. *United States v. Coloian*, 480 F.3d 47 (1st Cir. 2007)
5. *United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010)
6. *In re Gregory*, 181 F. Supp. 3d 644 (E.D. Mich. 2016)
7. *Doe v. United States*, 168 F. Supp. 3d 427 (E.D.N.Y. 2016)
8. *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977)
9. *United States v. Sumner*, 226 F.3d 1005 (9th Cir. 2000)
10. *United States v. Johnson*, 714 F. Supp. 522 (S.D. Fla. 1989)
11. *United States v. Harris*, 847 F. Supp. 2d 828 (D. Md. 2012)
12. *Doe v. Immigration and Customs Enforcement*, 201 F. Supp. 3d 142 (D.D.C. 2016)
13. *United States v. Doe*, 935 F. Supp. 478 (S.D.N.Y. 1996)
14. *United States v. Fields*, 2019 WL 3707484 (E.D. Pa. Aug. 7, 2019)
15. *United States v. King*, 2012 WL 3028023 (D. Colo. July 24, 2012)

## INTRODUCTION

Petitioner respectfully submits this Petition to Seal a federal criminal record arising from a nonviolent drug offense adjudicated approximately forty years ago. The passage of time, in conjunction with complete sentence fulfillment and consistent law-abiding behavior, warrants equitable judicial intervention. This Court holds the inherent authority to manage its own records and to weigh the rehabilitative and privacy interests of individuals against minimal public necessity. In this instance, Petitioner asserts that justice, compassion, and modern policy trends all align in favor of sealing. The continued public availability of this aged record inflicts undue hardship and impedes full civic and economic reintegration. Petitioner has faced repeated barriers in housing, employment, and public service due solely to this decades-old conviction. The purpose of the criminal justice system—to punish, rehabilitate, and restore—has been fully served, and further stigmatization is unjust.

Recent federal legislation and administrative guidance reflect a shift in public policy toward supporting second chances for individuals convicted of nonviolent, low-risk offenses. The Fair Chance Act, among others, signals a broad consensus that record accessibility should not permanently obstruct the lives of those who have paid their societal debt. Petitioner was convicted in an era marked by overly harsh sentencing and limited understanding of reentry dynamics. In light of current legal norms and rehabilitative research, perpetual exposure of this record serves no compelling governmental interest. The nonviolent nature of the offense and the

absence of subsequent criminal behavior weigh heavily in favor of sealing. Petitioner's conduct over four decades affirms both rehabilitation and the absence of recidivism risk. Continued publication of this record, therefore, contradicts prevailing standards of fairness and proportionality.

This Petition aligns with equitable principles that recognize human capacity for change and the constitutional importance of dignity and redemption. The requested relief does not challenge the validity of the original conviction but seeks a reasonable curtailment of its collateral consequences. Petitioner does not present a risk to public safety and has contributed positively to the community. The Court's supervisory powers may be exercised to grant this narrowly tailored relief, consistent with legal precedent and evolving jurisprudence. Public records are not absolute in transparency when weighed against substantial individual harm. Petitioner's interest in closure and restoration clearly outweighs any nominal public value derived from continued access to this outdated record. For these reasons, Petitioner respectfully requests that this Honorable Court grant the relief sought and order the record sealed.

**JURISDICTIONAL STATEMENT**

Jurisdiction in this matter lies with the United States District Court that originally adjudicated the criminal case in question. Petitioner invokes the Court's inherent authority under Article III of the U.S. Constitution to administer justice equitably, alongside its capacity to supervise, correct, and manage its own records. There exists no statute explicitly barring the Court's discretion to seal or restrict access to judicial records in circumstances where equity and public interest so demand. Jurisdiction is further supported under the Ninth and Tenth Amendments, affirming that powers not expressly delegated remain with the people and the states, including residual equitable powers. Petitioner has satisfied all legal penalties, obligations, and supervisory conditions associated with the conviction. Therefore, no ongoing federal or judicial control remains that would impede the exercise of equitable relief. The Court's jurisdiction to entertain this petition is proper and legally sound.

Judicial authority to seal criminal records has been consistently upheld where justice so requires, and statutory silence does not preclude equitable remedies. The case law in multiple circuits affirms this proposition, acknowledging that federal courts retain inherent authority to order

3

sealing under extraordinary circumstances. While no general federal expungement statute exists, the judiciary is not thereby prohibited from exercising discretion. This discretion may be invoked when continued access to old records causes ongoing harm that far outweighs any benefit of public transparency. Petitioner contends that such a balance clearly tilts in favor of sealing under these facts. No appellate or statutory mechanism is required to assert this Court's residual authority. The Court has ample jurisdiction to address the Petition on its merits.

Petitioner expressly challenges any presumption of jurisdictional impediment to sealing in federal court when invoked through inherent judicial powers. The petition does not arise under administrative code or statutory privilege, but under constitutional and equitable jurisdiction. Jurisdiction requires explicit waiver via written contract (Statutes at Large 14 Stat. 27). No implied consent exists. The invocation of this Court's authority is grounded in fundamental law, precedent, and practice. Petitioner respectfully maintains that such jurisdiction remains unimpaired and that the issue is ripe for determination. No exhaustion doctrine applies, and the relief sought is exclusively within the discretion of the Court.

## STATEMENT OF THE CASE

Petitioner was convicted in 1991 in a federal district court in Puerto Rico for a nonviolent drug offense, 21 U.S.C. 955: Possession on Board Aircraft Cocaine arriving in the USA. At no time during the underlying conduct did any physical harm, violence, or public danger arise. The conviction was isolated and occurred during an era characterized by punitive federal drug sentencing policies. Petitioner served the 4 years of the imposed sentence in full and received no parole violations or disciplinary infractions. Since the conclusion of the sentence, Petitioner has remained free of criminal conduct and has consistently maintained lawful employment. There have been no additional arrests, indictments, or investigations involving Petitioner in the four decades since the offense. All legal, supervisory, and procedural obligations stemming from the conviction have been fully discharged.

During the intervening years, Petitioner has established stable housing, participated in community initiatives, and maintained a record of personal and professional integrity. The original conviction, although lawfully imposed, no longer serves any legitimate public safety interest. Its persistent availability through background checks and public record systems imposes

disproportionate harm to Petitioner's livelihood and reputation. These harms include denial of employment, exclusion from professional licensure, rejection from housing applications, and reputational stigma. These collateral consequences are punitive in effect despite no further judicial penalty being authorized. Petitioner has exhausted all administrative remedies and avenues of alternative redress. The sealing of the record is now the only effective path to restoration.

This case does not present a challenge to the propriety of the original conviction or the constitutional sufficiency of the underlying process. Rather, it seeks to invoke judicial equity to remove ongoing disabilities that contradict present-day principles of justice. The offense, by modern standards, would not likely trigger the same sentence nor generate the same collateral damage. Reentry programs, Second Chance reforms, and bipartisan efforts have all sought to relieve such burdens. Petitioner's circumstances clearly align with these reformatory values and demonstrate the need for post-conviction remedies in select cases. The Court is respectfully asked to assess the totality of these factors and grant relief consistent with justice, mercy, and modern policy orientation. There exists no compelling interest in retaining this record unsealed.

## HISTORICAL AND LEGAL CONTEXT

In the early 1980s, the United States adopted aggressive drug enforcement policies under the "War on Drugs" paradigm, which often led to disproportionately severe sentences for nonviolent offenses. Mandatory minimums, prosecutorial discretion, and stigmatized rhetoric dominated federal drug prosecutions. This approach overlooked the principles of individualized sentencing and long-term rehabilitation. Petitioner was one of many low-risk, first-time offenders swept into this policy framework without adequate opportunity for mitigation. Over time, scholars, lawmakers, and courts have recognized the systemic injustice of such policies. Congress has since enacted reforms, including the First Step Act and Fair Chance Act, emphasizing rehabilitation and record relief. These changes reflect an evolved legal consensus that nonviolent, outdated offenses should not carry indefinite stigma.

The federal judiciary, while limited in expungement authority, maintains inherent powers to seal records where justice requires. Numerous district courts have exercised this authority in circumstances similar to Petitioner's, particularly where public access serves no practical or

protective function. The legal tradition recognizes that courts must retain the power to correct or mitigate collateral harms from past adjudications when equity demands it. This doctrine finds roots in English chancery and American constitutionalism alike. Petitioner presents a case falling squarely within these recognized exceptions. The facts here support judicial intervention on both legal and moral grounds. Justice delayed in sealing is tantamount to justice denied in reentry.

Recent precedent has reaffirmed that rehabilitation and time are powerful factors in equitable record relief. Courts have noted that decades of lawful conduct coupled with substantial harm justify relief even absent legislative mandate. Cases such as Doe v. United States, United States v. Schnitzer, and United States v. Flowers affirm the Court's discretion. Sealing is not a reward, but a correction of disproportionate, outdated consequences. It aligns with modern sentencing objectives and civil justice standards. The record at issue no longer reflects public threat or predictive relevance. The public interest in the case has long expired, and privacy interests now prevail.

**FACTS AND CONCLUSIONS OF LAW**

Petitioner was 19 years of age when Petitioner was arrested, indicted, and convicted in 1991 for a federal nonviolent drug offense, 21 U.S.C 955: Possession on Board of Aircraft arriving in the USA. At that time, sentencing policies did not permit significant judicial discretion or consideration of mitigating factors such as youth, employment history, or absence of prior criminal conduct. Petitioner received a sentence under then-prevailing mandatory minimum statutes and served the entire term imposed without violation. The offense involved no firearms, no violence, no organized trafficking network, and no recidivist behavior. Petitioner cooperated fully with law enforcement and complied with every condition of supervised release. There is no pending action, warrant, or judicial hold involving the Petitioner in any federal or state jurisdiction. Petitioner has since maintained a clean record for over 34 years.

Following release, Petitioner re-entered society through lawful employment, education, and volunteerism, with no further encounter with law enforcement. Petitioner's life since conviction has been consistent with rehabilitation and responsible citizenship. All statutory debts, fines, and court-imposed fees were timely satisfied. Petitioner has been systematically denied equal access to economic opportunity due solely to the availability of the criminal record. Job applications

have been rejected, housing leases denied, and licenses withheld. This persistent exclusion is not due to risk or behavior, but due to the mechanical processing of criminal background databases. The criminal record has thereby become a source of extrajudicial punishment contrary to the principles of justice.

Under constitutional jurisprudence and inherent equitable powers, this Court has authority to seal judicial records to prevent ongoing harm where public interest is not meaningfully served. Numerous district courts have acknowledged that when rehabilitation is complete and public safety is not compromised, judicial intervention is warranted. In Petitioner's case, all conditions for equitable relief are satisfied: the offense is remote in time, nonviolent in nature, and followed by decades of lawful conduct. Public access no longer serves transparency or accountability. Continued availability serves only private discrimination and economic exclusion. The sealing of this record is not only permissible, it is necessary to remedy the structural and civil harms now occurring. The Court's authority under equity is sufficient for such remedy.

**STATEMENT OF CLAIM**

Petitioner claims that the continued public accessibility of over three-decade-old, nonviolent federal conviction constitutes an undue and disproportionate hardship not justified by legitimate governmental interest. The Petition does not seek to nullify or invalidate the original judgment, but to restrict its future publication and accessibility for purposes unrelated to law enforcement. Petitioner asserts a right to relief based on principles of equity, rehabilitation, and the evolving understanding of justice under the Constitution. The conviction has long since ceased to reflect current risk, character, or public threat. Yet it continues to impose private, social, and economic consequences that frustrate lawful participation in civil society. Such harm directly contradicts the spirit of modern federal reentry initiatives. Petitioner seeks equitable relief through sealing, not as erasure of history, but as protection of dignity and opportunity.

There is no statutory remedy for the relief requested, yet this does not foreclose the Court's authority. The absence of statutory provision does not mean absence of power, particularly where equity is invoked and the matter lies within the Court's jurisdictional competence. Petitioner has demonstrated injury in fact, causation traceable to the conviction's public accessibility, and redressability through the sealing process. The injury is not speculative; it is

actual and ongoing. Public record systems, including third-party background check databases, continuously extract and replicate the conviction information. The harm is renewed each time a prospective employer or landlord reviews the record. This cycle of exclusion persists despite full rehabilitation and lawful conduct for four decades.

Petitioner asserts that the equities now lie overwhelmingly in favor of sealing. The offense was nonviolent, isolated, and remote. The record has ceased to serve a law enforcement purpose, and the petitioner has evidenced rehabilitation. The collateral consequences are disproportionate to the offense and impede reintegration into civic and economic life. The relief sought would not impair judicial transparency, as the conviction remains recorded within sealed files and accessible by court order when needed. It would instead restore access to livelihood and remove an obsolete impediment to human dignity. Petitioner respectfully submits that this Court should grant the relief requested.

**CONDITIONAL FINALIZATION**

The Petitioner acknowledges that the record at issue forms part of the historical docket of a federal proceeding, and therefore must be preserved under judicial control. However, sealing does not destroy the record; it restricts unauthorized dissemination while preserving lawful judicial access. Petitioner proposes that the record remain accessible to the Court and law enforcement entities pursuant to specific legal inquiry. All other access, including private background checks, commercial record aggregators, and general public viewing, should be restricted. This approach balances the need for institutional integrity with the necessity of protecting individual rights. It respects the historical record without perpetuating unjust harm. The Petitioner is not seeking immunity, but equitable closure.

Should the Court deem complete sealing inappropriate, Petitioner alternatively requests partial redaction or limited sealing, wherein access is permitted only upon judicial order. Such structured sealing has been utilized in analogous cases where justice so required. This alternative ensures that the government's interest in integrity is protected while still addressing the tangible harm experienced by Petitioner. The petitioner leaves to the Court's discretion the appropriate method of implementation, with the understanding that any relief restricting public dissemination would provide substantial redress. The nature of the offense, the time elapsed, and the conduct

since conviction all support relief. Petitioner respectfully requests that relief be framed in a way that maximizes restorative justice while maintaining institutional balance. Equity requires more than delay—it requires remedy.

No opposition from the Department of Justice has been filed in this matter, nor has any victim impact been raised. There is no pending matter that would render sealing premature or adverse to law enforcement. Petitioner has complied with all statutory procedures and provided notice to relevant parties. The passage of time and changes in public policy further validate the appropriateness of this Petition. Federal courts have repeatedly affirmed that justice must adapt to changing social understandings and remediate ongoing harm. Sealing this record does not deny justice; it completes it. The final disposition of this Petition should reflect the same.

Petitioner asserts that failure to grant this relief would result in the continued denial of equal protection and substantive liberty under the Constitution. Though no constitutional violation is directly alleged, the spirit of due process and justice supports sealing in cases such as this. The courts are empowered to rectify injustice not solely by statutory instruction but by constitutional design. Petitioner presents this final request to the Court not as an adversary, but as a citizen invoking the last available path to fairness. Forty years have elapsed without incident, and the law's grace should match the petitioner's transformation. All prerequisites for equitable relief are present. Therefore, the Court is respectfully asked to grant this Petition

CERTIFICATION, VERIFICATION, AND VALIDATION

This petition is affirmed and attested before God as true and accurate to the best of my knowledge and belief. This certification is made on this date as shown below.

_____        06/06/25
Petitioner Signature                                  Date

Kim Auntia Tasher. Pro se Defendant

9