IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIM AUNITA TASHER<br><br>Defendant | CRIM NO. 90-366 (RAM) |

### OPINION AND ORDER[1]

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Kim Aunita Tasher's ("Petitioner" or "Tasher") *Petition to Seal Case File* (Docket No. 32). For reasons set forth below, the request for sealing the case file is **DENIED**.

### I.     PROCEDURAL BACKGROUND

On April 18, 1991, Kim Aunita Tasher pled guilty to three counts of knowingly, willfully, intentionally, and unlawfully possessing cocaine on board an aircraft arriving in the United States in violation of 21.U.S.C. 955. (Docket No. 17). Petitioner was 19 years of age when she committed the nonviolent drug offense in 1990. On, April 18, 1991, Petitioner was sentenced to 60 months

---

[1] Paola Negrón-Ríos, a recent graduate of the University of Edinburgh's LLM Program, assisted in the preparation of the Memorandum and Order.

of imprisonment. Petitioner served her sentence without further infractions.

After her release, Petitioner re-entered society and took steps towards professional and educational development. Petitioner has maintained a clean record for 34 years. However, Petitioner claims that her efforts were complicated by the mechanical processing of criminal background databases, which have resulted in job applications being rejected, housing leases denied, and licenses being withheld due to public access to Petitioner's criminal record and conviction.

Petitioner requests that the court seal her criminal record and make it unavailable to the public. (Docket No. 32). Petitioner claims that the conviction, which is over three decades old, constitutes disproportionate hardship that is not justified by legitimate governmental interest, and has ceased to reflect current risk and character. Moreover, Petitioner argues that public access to the conviction frustrates her lawful participation in society.

## II. ANALYSIS

### A. The judiciary lacks ancillary jurisdiction to expunge convictions on equitable grounds

There is no federal statute nor Supreme Court precedent that authorizes courts to seal or expunge convictions. Notably, Petitioner did not provide, and the Court has not found, any cases

authorizing or denying the sealing of criminal cases. All the cases cited in the *Petition to Seal Case File* discuss the **expungement** of criminal records rather than the **sealing** of criminal cases. Nevertheless, due to the absence of judicial precedent for sealing criminal cases, the court reviewed cases concerning expungement.

To determine whether they have jurisdiction to consider cases of expungement, courts refer to Kokkonen v. Guardian Life Ins. Co., which defines and limits the scope of ancillary jurisdiction to: permit disposition by a single court of claims that are factually interdependent; and (2) enable courts to function successfully, *i.e.*, to manage its proceeding, vindicate its authority, and effectuate its decrees. 511 U.S. 375, 379-80 (1994) (internal citations omitted).

Using Kokkonen's rubric, the First Circuit has ruled that district courts lack ancillary jurisdiction to expunge based on equitable grounds. *See* United States v. Coloian, 480 F.3d. 47 (1st Cir. 2007). In Coloian, the defendant, who had been acquitted on charges of bribery and conspiracy to commit bribery, moved for the expungement of his criminal record. He claimed that the stigma of his criminal record was hindering his career as a lawyer and a businessman. Id. at 48-49. The First Circuit held that it lacked jurisdiction to consider cases of expungement based on equitable grounds, since it is outside the scope of ancillary jurisdiction defined in Kokkonen. Id. at 52.

In a reversal of a district court decision granting expungement on equitable grounds, the Second Circuit concluded that the district court did not have jurisdiction over the defendant's motion to expunge her criminal record pursuant to 18 U.S.C. § 3231 because the defendant's "conviction was valid and the underlying criminal case had long since concluded." Doe v. United States, 833 F.3d 192, 196 (2016). Additionally, the Second Circuit found that the district court's jurisdiction does not extend to motions related to cases beyond a conviction and its appeal; holding that the Federal Rules of Criminal Procedure do not suggest "that district courts retain jurisdiction over any type of motion years after a criminal case has concluded." Id. (underline in original). District courts, therefore, lack jurisdiction to expunge based on equitable grounds.

B. **The first amendment protects the public's right to access information**

In Nixon v. Warner Communications, Inc., the Supreme Court acknowledged that there is a recognized general right to "inspect and copy public records and documents, including judicial records and documents." 435 U.S. 589, 597 (1978). This right was reiterated by the First Circuit in Globe Newspaper Co. v. Pokaski, 868 F.2d 497 (1st Cir. 1989). In Globe, reporters from the Boston Globe were denied access to the court records of completed criminal cases as they were automatically sealed under Mass.Gen.Laws Ann. Ch,

276, § 100C. Id. at 499. The Boston Globe then filed a suit to challenge the constitutionality of the law under the First Amendment. Id. at 500. The First Circuit noted that "the constitutionally grounded presumption of openness simply is too strong to permit these certain burdens to remain in order to avoid harms that will occur only rarely, if at all." Id. at 509. The court decided that the Massachusetts law Mass.Gen.Laws Ann. Ch, 276, § 100C, which automatically sealed cases that resulted in dismissal or acquittal, was contrary to the public interest. Id. at 510-511.

These cases reiterate the principle that the First Amendment right to information outweighs restrictions to access information due to privacy or equitable concerns. Importantly, the public interest in access to information outweighs the privacy concerns even in cases where the charges were dismissed, or the defendant was acquitted. If the public interest in access to information outweighs even instances of acquittal or dismissal, then it surely outweighs privacy concerns that arise from criminal convictions in the absence of extraordinary adverse consequences.

C. **Difficulty in finding work is not an extraordinary adverse consequence.**

Considering the lack of precedent regarding sealing criminal convictions, it is helpful to turn once again to precedent in expungement cases. In Coloian, the First Circuit ruled that the

stigma and reputational harm claimed by the defendant were insufficient grounds to warrant expungement based on unwarranted adverse consequences. Coloian, 480 F.3d. at 51-52. In this case, therefore, expungement would be based on equitable grounds, which the First Circuit considered to be outside the scope of ancillary jurisdiction afforded to the judiciary. Similarly, in Stephenson v. United States, 139 F. Supp.3d 566 (E.D.N.Y 2015), the district court noted that there are millions of Americans living with criminal convictions and suffering adverse consequences. Due to the high number of individuals with criminal records, the defendant's predicament is thereby not exceptional.

### D. **Petitioner has not provided grounds for sealing her case**

While these cases refer to expungement rather than sealing, the balancing test provides an adequate framework to evaluate the *Petition to Seal Case*. Kim Aunita Tasher generally claims that public access to her conviction record has caused her disproportionate hardship in finding employment, housing, and licensing. However, Petitioner has failed to prove how her conviction impacts her ability to acquire and retain work and housing. Additionally, previous courts have considered denial of employment, refusal of housing applications, and reputational stigma to be insufficient grounds for expungement. Thus, the Petitioner's claim that her conviction is causing undue harm is

unwarranted. Petitioner does not cite, and the court has not found, any cases that authorize sealing cases.

Having considered the foregoing precedent, which deems grounds like Petitioner's insufficient for expungement, there is no basis for granting the Petitioner's request to seal her case file.

### III. CONCLUSION

Given the lack of judicial precedent and statutes regarding sealing cases of criminal convictions for equitable grounds, the First Circuit ruling that courts lack ancillary jurisdiction to expunge in cases of equitable grounds and the First Amendment presumption of openness of criminal records, Defendant Kim Aunita Tasher's *Petition to Seal Case File* is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge